# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-6993 FMO (AFMx) | Date | November 4, 2019 |
| Title | Bobby Ly, et al. v. Mercedes-Benz USA, LLC | | |

Present: The Honorable **Fernando M. Olguin, United States District Judge**

| Cheryl Wynn | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

On June 11, 2019, Bobby Ly and Bryant Lu ("plaintiffs") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Mercedes-Benz USA, LLC ("MBUSA" or "defendant"), asserting breach of warranty claims under the Magnuson-Moss Warranty Act, ("MMWA") 15 U.S.C. §§ 2301, et seq. and the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Dkt. 1-1, Complaint). Plaintiffs' claims arise out of their lease of a used 2017 Mercedes GLS450 vehicle on April 20, 2018, (see id. at ¶ 3), which they allege contained defects that violated the express warranty issued with the vehicle, as well as the implied warranty of merchantability. (See id. at ¶¶ 18-20). Because defendant, through its authorized dealers, was unable or failed to repair the defects after "sufficient opportunities" to do so, (id. at ¶¶ 21-23), plaintiffs "revoked acceptance" of the vehicle in writing on March 14, 2019. (Id. at ¶ 26). Defendant refused plaintiffs' demand for revocation and has refused to provide plaintiffs with the remedies demanded. (See id. at ¶ 29). Plaintiffs seek "[r]eturn of the [vehicle's] lease price and all incidental and consequential damages[;]" "return of all finance changes[;] attorney's and other fees and costs; and a "civil penalty pursuant to Cal. Civ. Code § 1794(c)." (Id. at ¶ 55).

On August 12, 2019, MBUSA removed the instant action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 5). On September 11, 2019, plaintiffs filed a Motion to Remand (Dkt. 10, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiffs' Motion, the court concludes as follows.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6993 FMO (AFMx) | Date | **November 4, 2019** |
|---|---|---|---|
| Title | **Bobby Ly, et al. v. Mercedes-Benz USA, LLC** | | |

v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

As an initial matter, plaintiffs' attack on federal-question jurisdiction, (see Dkt. 10, Motion at 3-10) is misplaced as MBUSA did not invoke federal-question jurisdiction in its NOR. (See,

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 547 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6993 FMO (AFMx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | Bobby Ly, et al. v. Mercedes-Benz USA, LLC | | |

generally, Dkt. 1, NOR). Instead, defendant removed this action by invoking the court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[2] In any event, although plaintiffs contend that the amount in controversy would not exceed $50,000 as required by the MMWA, (see Dkt. 10, Motion at 3-10), they fail to undermine defendant's showing that the amount in controversy exceeds $75,000 when considering the Song-Beverly Act claims. (See Dkt. 1, NOR at ¶¶ 5, 15-21). Pursuant to the Song-Beverly Act, plaintiffs seek the "[r]eturn of the [vehicle's] lease price and all incidental and consequential damages[;]" "return of all finance changes[;] attorney's and other fees and costs; and a "civil penalty pursuant to Cal. Civ. Code § 1794(c)." (Id. at ¶ 55). Using the total lease payments ($35,065) and the civil penalty provision of the Song-Beverly Act, defendant has shown that the amount in controversy exceeds $75,000. (See Dkt. 1, NOR at ¶¶ 15-22; Dkt.1-1, Complaint at Exh. A at ECF 27; Dkt. 11, Opposition to Plaintiffs' Motion to Remand at 3-4).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that plaintiffs' Motion to Remand **(Document No. 10)** is **denied**.

Initials of Preparer     cw

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).